Not for Publication

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RASHEED MCNAIR, | : |
| Petitioner, | : Civ. No. 23-636 (PGS) |
| v. | : |
| UNITED STATES OF AMERICA, | : MEMORANDUM AND ORDER |
| Respondent. | : |

**PETER G. SHERIDAN, U.S.D.J.**

This matter is opened to the Court on Respondents' motion for limited waiver of attorney-client privilege. (ECF No. 8.) Attorney Andrea Bergman's filed a letter response. (ECF No. 9.) Also pending before the Court is Petitioner Rasheed McNair's ("Petitioner") motion to appoint pro bono counsel. (ECF No. 3.)

On February 2, 2023, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Petition"). (ECF No. 1.) On March 6, 2023 and April 10, 2023, Petitioner filed a memorandum in support of his § 2255 motion and a revised memorandum in support of his § 2255 motion, respectively. (ECF Nos. 5 and 7.) Petitioner's Petition raises nine claims of ineffective assistance

against court appointed pre-trial counsel, Andrea Berman, Esq., and retained pre-trial and trial counsel, Mark A. Fury, Esq.[1] (*See* ECF Nos. 1 and 7.)

On March 31, 2023, this Court ordered Respondents to file a full and complete answer to Petitioner's Petition. (ECF No. 6.) On May 9, 2023, Respondent's filed a motion for an order declaring limited waiver of Petitioner's attorney-client privilege with Attorney Fury and Attorney Bergman. (ECF No. 8.) Respondents seek an order granting them permission to interview Attorney Fury and Attorney Bergman and directing both attorneys to meet with the Government for these interviews. (*Id.*) The Government also requests a finding from this Court that Petitioner has impliedly waived his attorney-client privilege as to prior counsel's representation of Petitioner insomuch as Petitioner has raised claims of ineffective assistance of counsel as to his previous counsel. (*Id.*)

The Third Circuit has held that a party implicitly waives their attorney-client privilege when they place the legal representation they received directly in issue. *See Emmanouil v. Roggio*, 499 F. App'x 195, 201 (3d Cir. 2012); *U.S. Fire Ins. Co. v.*

---

[1] Petitioner does not refer to counsel by name in his Petition, however, it appears that majority of his claims are directed to the performance of retained counsel Attorney Fury, who entered his appearance on behalf of Petitioner on March 13, 2019, and represented Petitioner from that point through the end of trial. (*See* Crim. No. 18-281, ECF Nos. 42-45.) However, Assistant Federal Public Defender Bergman was initially appointed by the Court to represent Petitioner and filed Petitioner's pre-trial motions before Attorney Fury was substituted as Petitioner's counsel. (*See id.*, ECF Nos. 5 and 20.)

*Asbestopsray, Inc.*, 182 F.3d 201, 212 (3rd Cir. 1999); *Livingstone v. N. Belle Vernon Borough*, 91 F.3d 515, 537 (3d Cir. 1996); *Rhone-Poulenc Rorer Inc. v. Home Indent. Co.*, 32 F.3d 851, 863 (3d Cir. 1994); *see also Ragbir v. United States*, No. 17-1256, 2018 WL 1871460, at *2-3 (D.N.J. Apr. 19, 2018). Where a habeas petitioner "claims that he received ineffective assistance of counsel, he puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications." *Ragbir*, 2018 WL 1871460 at *2 (quoting *United States v. Pinson*, 584 F.3d 972, 977-78 (10th Cir. 2009)). This waiver, however, is not unlimited in scope - the petitioner claiming ineffective assistance impliedly waives attorney-client privilege only "with respect to communications with his attorney necessary to prove or disprove his claim[s]." *Pinson*, 584 F.3d at 978; *see also Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (courts "must impose a waiver no broader than needed to ensure fairness of the proceedings before it"); *Ragbir*, 2018 WL 1871460 at *2 (implied waiver limited "to attorney-client communications that are necessary for the resolution of the claims at hand").

Because Petitioner has placed pre-trial and trial counsels' representation of him at issue by raising claims of ineffective assistance of counsel, this Court finds that Petitioner has waived his attorney-client privilege as to any communications with counsel "necessary to prove or disprove his claim[s]." *Pinson*, 584 F.3d at 978.

3

The Government's request for a finding of waiver of privilege and for permission to interview Petitioner's prior pre-trial counsel, Andrea D. Bergman, Esq., and pre-trial/trial counsel, Mark A. Fury, Esq., shall therefore be granted.[2]

Before the Court is also Petitioner's motion to appoint pro bono counsel. (ECF No. 3.) A defendant does not possess a constitutional right to the appointment of counsel in a habeas proceeding. *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991) ("There is no 'automatic' constitutional right to counsel in a federal habeas corpus proceeding"), superseded on other grounds by statute, 28 U.S.C. § 2254(d); *Gov't of Virgin Islands v. Warner*, 48 F.3d 688, 692 (3d Cir. 1995) ("A prisoner's rights in a habeas corpus proceeding are more limited than on direct appeal. For example, the Supreme Court has determined that while the Constitution guarantees

---

[2] The Court has considered Attorney Bergman's letter objecting to the Respondents' motion. (ECF No. 9.) Ground ten of Petitioner's Petition argues that "counsel failed to file a motion to suppress, motion to dismiss, or a motion in limine regarding the government expert witness." (ECF No. 1 at 11-12.) Attorney Bergman acknowledges that she filed Petitioner's pre-trial motions on September 21, 2018. (*See* ECF No. 9 at 1, citing Crim. No. 18-281, ECF No. 20.) Attorney Bergman submits pre-trial motions were still pending at the time of Attorney Fury's substitution in March 2019 and trial did not commence until September 11, 2019. (*Id.*, citing Crim. No. 18-281, ECF Nos. 35, 70.) Attorney Bergman argues that given the six-month period of time between Attorney Fury's entry into the case and trial and given that the pretrial motions still were pending for many months after his appearance, questions about which motions were appropriate to file are best left to Attorney Fury to answer in a proceeding assessing Petitioner's allegations of ineffective assistance of counsel. However, due to the fact that Attorney Bergman represented Petitioner when the pre-trial motions were filed, the Court will grant Respondents' motion as to Attorney Bergman and ground ten of the Petition.

the right to counsel on direct appeal, it does not guarantee the right to counsel in a habeas petition."). Further, a defendant's statutory right to the appointment of counsel in § 2255 proceedings is limited. A court may appoint counsel if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In determining whether a petitioner is entitled to counsel, "the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Reese*, 946 F.2d at 263–64. Here, Petitioner's claims are not particularly complex in nature and Petitioner was able to file a thirty page memorandum of law in support of his claims. Therefore, at this stage, the Court denies Petitioner's motion to appoint pro bono counsel without prejudice.

IT IS on this 10 day of October, 2023,

**ORDERED** that the Government's motion (ECF No. 8) is **GRANTED**; and it is further

**ORDERED** that this Court finds that Petitioner has impliedly waived attorney-client privilege as to any and all communications related to the allegations of ineffective assistance of counsel raised in Petitioner's motion to vacate sentence; and it is further

5

**ORDERED** that the Government may interview Petitioner's prior pre-trial counsel, Andrea D. Bergman, Esq., regarding information directly related Petitioner's ineffective assistance of counsel claim ten prior to filing their answer and the Government may interview Petitioner's prior counsel, Mark A. Fury, Esq. regarding all nine of Petitioner's ineffective assistance of counsel claims; and it is further

**ORDERED** that Attorney Bergman and Attorney Fury shall appear for interviews by the representatives of the United States Attorney's Office for the District of New Jersey, at a time and place to be mutually agreed upon by Attorneys Bergman and Fury and the United States Attorney's Office and shall provide the Government with documents or other evidence in their possession that are relevant Petitioner's ineffective assistance of counsel claims. The interview shall be scheduled and conducted as promptly as possible; and it is further

**ORDERED** that the United States is directed to file its answer to the Petition within 60 days of the later of (1) the entry of this Order and (2) the Court's resolution of Petitioner's Motion for a New Trial (Crim. No. 18-281, ECF Nos. 97, 98); and it is further

**ORDERED** that Petitioner's motion to appoint pro bono counsel (ECF No. 3) is **DENIED without prejudice**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order on Respondents electronically and on Petitioner by regular mail.

_____
PETER G. SHERIDAN
United States District Judge